ARIEL O. KLING v. P. H. DAVIS TAILORING COMPANY.[1]

March 29, 1935.

No. 30,282.

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly* and *George W. Jansen,* for relator.

*A. B. Christofferson, Leonard L. Sutton,* and *James E. Markham,* for respondent.

[1]Reported in 259 N. W. 809.

HILTON, JUSTICE.

This workmen's compensation case is brought here by writ of *certiorari* to the industrial commission upon the petition of the employer, P. H. Davis Tailoring Company. In the first instance relator appeared specially and moved to dismiss the proceeding on the ground that the commission was without jurisdiction of the relator's person or of the subject of the action. At the hearing before the referee no one appeared in behalf of the employer, and evidence was adduced on the part of the employe as a default case. The referee found as facts that on and prior to October 9, 1927, Alfred H. Kling was employed by the P. H. Davis Tailoring Company as a salesman at a weekly wage of $60 under a Minnesota contract of hire; that relator did not carry workmen's compensation insurance in accordance with the provisions of the Minnesota workmen's compensation act; that on the date above mentioned the employe sustained accidental injury arising out of and during the course of his employment, resulting in his death on the same date; that the employer had due notice and knowledge of said accidental injury within the statutory period; that the employe at the time of his death left surviving him as his sole and only dependents his wife, Ariel O. Kling (respondent), and two minor children. The referee awarded compensation at the rate of $20 a week during dependency and, in addition, $150 for funeral expenses. Again, appearing specially, relator moved the commission to set aside the findings of fact and award of compensation upon the same ground as its motion for dismissal was made. The motion was denied, and the case is brought here (relator still appearing specially) for the purpose of determining the question of jurisdiction of the industrial commission. No other issue is raised.

Relator is an Ohio corporation with its principal place of business in Cincinnati. It has no place of business in this state. It manufactures men's clothing. Orders for such clothing are solicited and obtained by its agents. On October 9, 1933, the claim petition herein was filed with the industrial commission. On the same date the commission mailed a notice of filing the claim petition and a copy of the petition to relator at its address in Cincinnati, Ohio.

It is the contention of relator that mailing of the above notice was not effective service so as to confer jurisdiction upon the commission either of relator's person or of the subject matter of the action, and that the assumption of jurisdiction was in violation of the fourteenth amendment of the United States constitution in that it was not due process of law.

Albert H. Kling and his dependents were residents of St. Paul, Minnesota. The evidence showed that in July, 1924, a representative of relator called at Kling's home and, after a conference with him, overheard by his wife, induced Kling to give up the business in which he was then engaged and to represent relator in Minnesota. Kling told the representative that as soon as the samples arrived he would begin work. In a short time the samples came, and he started selling the clothes on a commission basis and very successfully devoted his entire time in so doing. His territory included the entire state of Minnesota. He was killed in an automobile accident. Nothing appearing to the contrary, we must accept the finding of the referee that there was a Minnesota contract of hire.

Respondent contends that the employer when making a contract of hire within the state of Minnesota agreed to accept all the provisions of the compensation act, including 1 Mason Minn. St. 1927, § 4301, which provides in part:

"All papers and notices to which any party shall be entitled under part 2 of this act shall be served by mail, or in such other manner as the Industrial Commission may direct."

We have held that the provisions of part 2 of the compensation act "become binding contracts in respect to all who accept them, and remain as continuing offers to those who have not accepted them." Mathison v. Minneapolis St. Ry. Co. 126 Minn. 286, 294, 148 N. W. 71, L. R. A. 1916D, 412. We do not believe, however, that the legislature intended that service should be made upon a nonresident employer simply by mailing of notices. Section 4301 (above referred to) has reference to mailing of notices by the industrial commission. Section 4281 refers to mailing of notice of injury by the employe or someone in his behalf. It provides:

"The notice referred to in section 20 [§ 4280] may be served personally upon the employer, or upon any agent of the employer upon whom a summons may be served in a civil action, or by sending it by registered mail to the employer at the last known residence or business place thereof *within the state.*"

An employer is entitled to receive prompt notice of injury or death, as provided for by § 4280. Under the last above quoted provision, such notice cannot be served by mail when the employer is without the state. It is a reasonable conclusion that the legislature did not intend a different procedure with respect to notices to be given by the industrial commission. If it had so intended it would undoubtedly have prescribed prerequisites that would make it reasonably certain that the nonresident employer receive actual notice, such for instance as those provided for in L. 1927, c. 409, authorizing service upon a nonresident using the highways of this state by filing a copy of the process with the secretary of state and mailing within ten days a notice of such service and a copy of the process to defendant, together with an affidavit of compliance by the plaintiff. We held that law constitutional in Schilling v. Odlebak, 177 Minn. 90, 224 N. W. 694. However, we do not here decide whether such procedure, if made applicable by legislative act to cases arising under the compensation act, would or would not be constitutional. There are no provisions in § 4301, here considered, warranting a conclusion that mailing of notices and other papers by the commission to nonresident employers was intended to constitute service upon them so as to bring them within the jurisdiction of our industrial commission.

Section 4302A supports our view that the legislature did not so intend. That section prescribes the procedure to be followed where the employer is a nonresident. It provides in part:

"At any time after the filing of a petition for compensation, the petitioner, his agent or attorney, may file an affidavit stating that the employer named in said petition is a nonresident or is a foreign corporation, and that the service of said petition and other notices as provided by this act cannot be made on said employer. There-

upon the petitioner may commence an action in the district court of the county where the employe in respect to whom compensation is claimed resided at the time of injury or death, as the case may be. Such action shall be commenced and proceed in the same manner as is provided by law for actions in the district court. The complaint in such action shall contain a statement that a petition for compensation in said matter has been filed with the industrial commission of Minnesota, together with the affidavit as hereinbefore provided, and a statement of the facts upon which the right to compensation or other relief is based, as provided in this chapter. In any such action the property of defendant may be attached by writ of attachment or proceedings in garnishment, and the summons may be served by publication as provided in other actions in the district court."

We conclude that the industrial commission and its referee were without jurisdiction to entertain the proceedings. The order of the industrial commission here for review is reversed, and the findings and award of the referee are set aside.

Reversed.