STATE EX REL. PETER ADENT AND OTHERS v.
INDUSTRIAL COMMISSION AND OTHERS.[1]

May 18, 1951.

No. 35,581.

*Lawrence L. Lenertz,* for relators.

*J. A. A. Burnquist,* Attorney General, and *George B. Sjoselius,* Deputy
Attorney General, for respondents.

PER CURIAM.

Original proceeding for a writ of prohibition to restrain the industrial
commission from proceeding with a hearing on the merits of a claim peti-
tion for compensation and benefits under the workmen's compensation act
on the ground that it lacks jurisdiction over the persons of the alleged
employers.

On December 26, 1950, a claim petition for compensation and benefits
under the workmen's compensation act was duly filed with the commission
by one Melba C. Hansen as widow of Kendall A. Hansen, a deceased
employe. Peter Adent, J. Wilbur Kroon, and John A. Adent, individually
and as partners doing business as Adent Bros. Produce and Adent
Brothers, Inc., a Minnesota corporation, were named as employers of the
deceased employe. The petition stated the address of employers to be 786
Eustis avenue, St. Paul, Minnesota. On November 2, 1950, the commission
served notice of the filing of such claim petition by depositing a copy

---

[1]Reported in 48 N. W. (2d) 42.

thereof in the mail addressed to each of the named employers, namely, Peter Adent, J. Wilbur Kroon, John A. Adent, Adent Bros. Produce, and Adent Brothers, Inc., each of which was addressed to 786 Eustis avenue, St. Paul, Minnesota. For some unknown reason, the notice addressed to J. Wilbur Kroon was not delivered, but was returned unopened to the commission. Notices addressed to John A. Adent, Peter Adent, and Adent Bros. Produce were received by Kroon, and all were opened by him, after which all three notices were either forwarded by mail or delivered to Peter Adent and John A. Adent outside the state.

On November 13, 1950, Peter Adent and John A. Adent, individually and as copartners doing business as Adent Bros. Produce, appeared specially and objected to the jurisdiction of the commission over their persons and the partnership on the ground that they had not been served, it being their contention that they are no longer residents of the state of Minnesota. Adent Brothers, Inc., appeared specially and objected to the jurisdiction of the commission on the ground that the accident upon which the claim is based occurred on August 3, 1950, and that the corporation did not come into existence until August 31, 1950; hence, that the deceased was never an employe of the corporation. J. Wilbur Kroon appeared specially and objected to the jurisdiction of the commission on the ground that he had not been served at all, and it is his contention that he is not a member of the partnership.

The matter came on for hearing on February 1, 1951, before a referee of the commission, and considerable testimony was taken relating to the nature and makeup of the partnership and the manner of service upon it. The matter was thereafter adjourned and again set for hearing on the merits on May 2, 1951.

Petitioners insist that the commission should first determine the jurisdictional questions before proceeding to a hearing on the merits. It is the contention of petitioners that the partnership consists of Peter Adent and John A. Adent, both of whom are nonresidents, and that no service has been made upon them; consequently, that the commission has no jurisdiction to proceed with a hearing on the merits.[2]

The transcript of the testimony taken before the commission discloses that the corporation was formed after the accident. It further discloses that Kroon was one of the incorporators of the corporation, that he owns one-third of the stock, and that he is vice president of the corporation. The property of the partnership consisted largely of tractors and trailers, which were transferred to the corporation upon its formation. The business conducted by the corporation is the same as was formerly conducted

[2]See, Kling v. P. H. Davis Tailoring Co. 194 Minn. 179, 259 N. W. 809.

by the partnership. It is clear that the question of who composed the partnership and whether Kroon was a member thereof was a question of fact, which was required to be determined by the commission in the first instance, as was the question whether service had been made upon the partnership.

Petitioners base their application for a writ of prohibition on the claim that if they are compelled to proceed with a hearing on the merits they may be held to have waived their special appearance and objection to the jurisdiction of the commission, and, furthermore, that it will put them to considerable expense to proceed with a hearing on the merits before a determination is made of the jurisdictional questions involved.

We do not believe that petitioners' fear of waiver of special appearance by proceeding with a hearing on the merits is well founded. State ex rel. The Eau Claire Dells Imp. Co. v. District Court, 26 Minn. 233, 2 N. W. 698; 1 Dunnell, Dig. § 484; Annotation, 93 A. L. R. 1302. Nor is the expense of a hearing usually sufficient ground for resort to the extraordinary remedy of prohibition. Petitioners have an adequate remedy to review all matters here involved by certiorari after a determination of the case on its merits.

The alternative writ is quashed and the order to show cause discharged, without costs or disbursements.[3]

[3]Nemo v. Hotel & Restaurant Employees' Local No. 556, 227 Minn. 263, 273, 35 N. W. (2d) 337, 811; M. S. A. 587.05.