Arthur **PATTERSON, petitioner, Appellant,**

v.

**WU FAMILY CORPORATION, d/b/a Nankin Café, Respondent,**

**John Doe, Respondent.**

**No. CO–98–1961.**

Supreme Court of Minnesota.

April 13, 2000.

Stephen C. Fiebiger & Assoc., Stephen C. Fiebiger, Minneapolis, for appellant.

Katherine L. Mackinnon, St. Louis Park, Arthur, Chapman, Kettering, Smetak & Pikala, P.A., Sally J. Ferguson, Minneapolis, co-counsel for respondents Wu Family, et al. and John Doe (n/k/a/ Henry Price III.

Steven L. Gawron, Bloomington, for respondent John Doe (n/k/a Henry Price III.

## OPINION

RUSSELL A. ANDERSON, Justice.

The question before us is whether the defense of insufficient service of process, asserted by answer, is waived when defendant moves for partial summary judgment without having sought dismissal of the complaint for insufficient service of process. We hold that a defendant waives the defense of insufficient service of process, even though asserted by answer, by affirmatively invoking the jurisdiction of the district court to obtain partial summary judgment without earlier or simultaneously moving to dismiss the complaint for insufficient service of process.[1]

---

1. Personal jurisdiction under the long-arm statute is not an issue in this case and, thus,

The question arises from the order of the district court granting respondent Henry Price's motion to dismiss appellant Arthur Patterson's complaint because of insufficient service of process. In his answer, Price asserted the defense of insufficient service of process but did not move to dismiss the complaint on that ground until after he obtained partial summary judgment and after the statute of limitations barred Patterson from further pursuit of his complaint by proper service of process. The district court found that Price was never properly served with process, that Price had properly raised the defense, that his conduct during the litigation had not resulted in waiver of the defense, and that the statute of limitations barred Patterson from further pursuit of his complaint by proper service of process. The court of appeals affirmed the district court, holding that so long as the defense of insufficient service of process has been raised by answer and asserted during the litigation, the defense is not waived by participating in the litigation. *See Patterson v. Wu Family Corp.*, 594 N.W.2d 540, 548–49 (Minn.App.1999). We reverse and remand.

## I

On March 6, 1996, Patterson, an African–American, was a patron at the Nankin Café, a bar and restaurant in downtown Minneapolis. Patterson alleged that he was injured, physically and emotionally, by being removed forcibly from the Nankin by a bouncer named "Pepper." Patterson alleged that he was removed because of his race and that the Nankin discriminated against its African–American customers.

On February 21, 1997, Patterson served the Nankin with a summons and complaint which also named as a defendant, "John Doe, individually and as an employee of Nankin Café." The complaint identified "John Doe" as the bouncer, "Pepper." In his complaint, Patterson alleged that (1) the Nankin violated the Minnesota Human Rights Act, (2) Doe aided and abetted the violation, (3) he was assaulted by the Nankin and its employee Doe, (4) he was battered by the Nankin and its employee, Doe, (5) the Nankin and Doe intentionally inflicted emotional distress on him, (6) the Nankin and Doe negligently inflicted emotional distress on him, and (7) the Nankin negligently supervised Doe.

On March 10, 1997, Patterson served interrogatories on the Nankin, the response to which identified the bouncer "Pepper" as Henry Price and gave an address for him. Patterson, who was previously unable to obtain Price's identity and address, attempted to serve Price on August 21, 1997, at the address provided in the Nankin's answers, which was actually his parents' home.[2]

On October 2, 1997, Price served an amended answer that asserted insufficiency of service of process. On January 15, 1998, the Nankin and Price moved for partial summary judgment on counts two, five and six of the complaint. Price argued that the statute of limitations had run on count two, which alleged that he aided and abetted the Nankin's violation of the Minnesota Human Rights Act. Both Price and the Nankin argued that Patterson had not produced sufficient evidence to sustain counts five and six which alleged intentional and negligent infliction of emotional distress. Price's motion for partial summary

we do not decide whether waiver by implication of jurisdictional defenses is applicable to a defendant "wishing to contest whether it was obliged to defend in a distant court." *See Datskow v. Teledyne, Inc.*, 899 F.2d 1298, 1303 (2d Cir.1990).

**2.** There are different accounts of how the papers were served. In his deposition, Price said that he found the papers in the driveway of his parents' home. Price's younger brother, Norman, submitted an affidavit claiming that the process server approached Norman at his parents' home. When Norman would not answer the process server's questions, the server threw the papers into the house. Norman later gave the papers to his brother. However, Price does not dispute that he received the summons and complaint.

judgment did not request that the complaint be dismissed for insufficient service of process, but Price did mention in his reply memorandum to the court that he had asserted the defense of insufficient service of process by answer. By order of February 13, 1998, the district court granted the defendants' motion and ordered that partial summary judgment be entered in defendants' favor. In its accompanying memorandum, the district court acknowledged by footnote the parties' dispute concerning the sufficiency of service of process but made no findings on the claim. The district court's order of February 13, 1998, was an adjudication on the merits in defendants' favor on counts two, five and six.

On April 20, 1998, nearly seven and a half months after asserting the defense by answer, Price moved for dismissal of the complaint on the ground of insufficient service of process. During that seven and a half-month period, the statute of limitations had run, barring Patterson's complaint if properly served. During that time Price actively participated in the litigation. He appeared at his deposition on November 7, 1997, and his attorney attended and participated in other depositions. He participated in court-ordered arbitration held on March 2, 1998. Price obtained subpoenas from the court and deposed three witnesses between April 10, 1998 and April 23, 1998.

The district court granted Price's motion for summary judgment based upon insufficient service of process. The court found that service of process had been insufficient because Price did not reside at his parents' home, a finding Patterson does not challenge in this appeal. The district court also found that the statute of limitations had run on the remaining claims.

The court of appeals affirmed the district court's summary judgment in favor of Price dismissing the complaint for insufficient service of process. *See Patterson,* 594 N.W.2d at 549. We granted review on the issue of whether Price had waived the defense of insufficient service of process.

## II

On appeal from a grant of summary judgment, we must determine whether any genuine issues of material fact exist and whether the district court erred in its application of the law. *See Offerdahl v. University of Minn. Hosps. & Clinics,* 426 N.W.2d 425, 427 (Minn.1988). We review de novo the construction of a rule of court procedure. *See State v. Nerz,* 587 N.W.2d 23, 24–25 (Minn.1998). The determination of whether personal jurisdiction exists is also a question of law that we review de novo. *See V.H. v. Estate of Birnbaum,* 543 N.W.2d 649, 653 (Minn. 1996) (citing *Valspar Corp. v. Lukken Color Corp.,* 495 N.W.2d 408, 411–12 (Minn. 1992)).

The parties do not dispute the relevant facts. Patterson concedes the material fact that his complaint was not properly served and there is no dispute that Price sought and obtained partial summary judgment without having raised by motion sufficiency of service of process. Thus, we turn to the legal issue of whether the defense of insufficient service of process, asserted by answer, is waived under these circumstances.

## III

Under the rules of civil procedure, the defense of insufficient service of process is waived if omitted from an answer or if omitted from a motion to dismiss under Rule 12. *See* Minn. R. Civ. P. 12.08(a).[3]

---

**3.** Minn. R. Civ. P. 12.08(a) provides:

A defense of lack of jurisdiction over the person, insufficiency of process, or insufficiency of service of process is waived (1) if omitted from a motion in the circumstances described in Rule 12.07, or (2) if it is nei-

ther made by motion pursuant to this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15.01 to be made as a matter of course. Minn. R. Civ. P. 12.08(a).

Specifically, Rule 12.07 provides that if a party moves to dismiss an action under one of the grounds provided in Rule 12, other defenses and objections permitted to be raised by Rule 12 must be raised at that time or they are waived, except as provided in Rule 12.08(b). *See* Minn. R. Civ. P. 12.07. Rule 12.08(c) provides an additional exception to the "one motion" rule for challenges to the court's subject matter jurisdiction. *See* Minn. R. Civ. P. 12.08(c). The rule reflects our goal "to prevent piecemeal assertion of technical defenses." Minn. R. Civ. P. 12.07 advisory committee note.

■ Price did not file a motion under Rule 12, he filed a motion for partial summary judgment. The question presented then, is whether Rule 12.07 describes the *exclusive* basis on which a jurisdictional defense may be waived, or whether ineffective service of process may also be waived by implication through conduct of the defendant. To answer that question, we are guided first by our case law dealing with waiver, then by principles of construction of the rules of procedure, and finally by federal case law interpreting analogous provisions of the Federal Rules of Civil Procedure.[4]

This court has previously found waiver of a claim of insufficient service of process. In *Mississippi Valley Dev. Corp. v. Colonial Enters., Inc.*, 300 Minn. 66, 71, 217 N.W.2d 760, 763 (1974), we held that the corporate defendant submitted itself to the trial court's jurisdiction by moving the trial court to compel arbitration, appealing its decision and securing a bond. Given its affirmative invocation of the court's powers, we held the defendant could not claim that service was ineffective. *See id.* at 72, 217 N.W.2d at 764.

However, in *Mississippi Valley* the defendant had not previously asserted the defense of insufficient service of process,

indeed never answered the complaint. Where, as here, the defendant has put the plaintiff on notice of its objection to jurisdiction, the waiver analysis is changed from that presented in *Mississippi Valley*. The question remains whether bringing a motion for partial summary judgment waives a defense of insufficiency of process asserted by answer.

■ The rules of procedure should be construed to discourage unnecessary litigation. *See Kisch v. Skow*, 305 Minn. 328, 332, 233 N.W.2d 732, 735 (1975). In this case, Price obtained partial summary judgment adjudicating part of Patterson's claim against him, but later argued successfully that the district court was without jurisdiction over him as to the entire matter because of insufficient service of process. Price's strategy in the litigation therefore created needless litigation: if the district court was without jurisdiction because of insufficient service of process, arguably its earlier order adjudicating a portion of the claim by partial summary judgment was invalid. Where the defendant has affirmatively invoked the jurisdiction of the court to rule in its favor in this manner, avoidance of piecemeal and unnecessary litigation weigh in favor of finding a waiver of a jurisdictional defense not asserted by motion.

The rules reflect a preference that actions be determined on the merits and not on the basis of technical compliance with the rules. *See State Bank of Morristown v. Labs*, 275 N.W.2d 37, 39 (Minn.1979). We have not treated service of process as a mere technicality, as it serves the important function of actual, formal notice to the defendant of the action. *See, e.g., Tullis v. Federated Mut. Ins. Co.*, 570 N.W.2d 309, 312 (Minn.1997); *Thiele v. Stich*, 425 N.W.2d 580, 584 (Minn.1988). Where the party protected by a procedural rule con-

---

**4.** Where our rules of procedure parallel the federal rules, "federal cases interpreting the federal rule are helpful and instructive but not necessarily controlling" on our interpretation of the state counterpart. *See Johnson v. Soo Line R.R. Co.*, 463 N.W.2d 894, 899 n. 7 (Minn.1990).

sciously chooses to not assert the rule-based defense in an effort to avoid a determination of the issue, however, the rules do not serve their protective function. Deliberate avoidance of a determination of the issue in this fashion is contrary to the spirit of the rules.

The United States Supreme Court has recognized that by engaging in certain conduct during litigation a defendant may involuntarily waive the defense of lack of personal jurisdiction:

> [T]he requirement of personal jurisdiction may be intentionally waived, or for various reasons a defendant may be estopped from raising the issue. These characteristics portray it for what it is— *a legal right protecting the individual.* The plaintiff's demonstration of certain historical facts may make clear to the court that it has personal jurisdiction over the defendant as a matter of law— i.e., certain factual showings will have legal consequences—but this is not the only way in which the personal jurisdiction of the court may arise. *The actions of the defendant may amount to a legal submission to the jurisdiction of the court, whether voluntary or not.*

*Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 704–05, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982) (emphasis added) (holding Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure may be applied to support a finding of personal jurisdiction). More specifically, federal circuit courts have held that a jurisdictional defense asserted in an answer may yet be waived by "failure to assert it seasonably, by formal submission in a cause, or by submission through conduct." *Yeldell v. Tutt,* 913 F.2d 533, 539 (8th Cir.1990) (holding that despite including defense of lack of personal jurisdiction in their answer defendants waived defense by not asserting it until appeal) (quoting *Neirbo Co. v. Bethlehem Shipbuilding Corp.,* 308 U.S. 165, 168, 60 S.Ct. 153, 84 L.Ed. 167 (1939)); *see also United States v. Ziegler Bolt & Parts Co.,* 111 F.3d 878, 882 (Fed.Cir.1997) (holding that a defendant's literal compliance with procedural rules does not end the waiver analysis); *Continental Bank, N.A. v. Meyer,* 10 F.3d 1293, 1297 (7th Cir.1993) (objection to personal jurisdiction waived by extensive participation in the merits); *Datskow,* 899 F.2d at 1300, 1303 (defendant waived defense of ineffective service despite including it in answer; defendant actively participated in litigation for six months without asserting the defense).

We conclude that the language of Rule 12.08 "sets only the outer limits of waiver; it does not preclude waiver by implication." *Yeldell,* 913 F.2d at 539 (quoting *Marquest Medical Prods. v. EMDE Corp.,* 496 F.Supp. 1242, 1245 n. 1 (D.Colo.1980)). We agree with the federal courts that have held that defendants must not only comply with the letter of the rule, but also with "the spirit of the rule, which is 'to expedite and simplify proceedings in the * * * [c]ourts.'" *Id.* (quoting 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1342 (2d ed.1990)); *see also* Minn. R. Civ. P. 1 (requiring construction of the Minnesota Rules of Civil Procedure to effect the "just, speedy and inexpensive" resolution of claims).

■ Price characterizes his actions as simple participation in the litigation, which we agree does not, standing alone, amount to waiver of a jurisdictional defense. Rather, it is the failure to provide the court an opportunity to rule on the defense before affirmatively invoking the court's jurisdiction on the merits of the claim that is determinative. Indeed, even proceeding with trial on the merits does not waive the defense where the defendants brought a motion to dismiss for lack of jurisdiction that the trial court denied. *See Anderson v. Mikel Drilling Co.,* 257 Minn. 487, 495–96, 102 N.W.2d 293, 300 (1960). In that case we held that because the defendants brought a motion to dismiss they did not waive the defense by proceeding in the litigation. *See id.* at 496, 102 N.W.2d at 300.

Likewise, in *State ex rel. Adent v. Industrial Comm'n*, the defendants petitioned for a writ of prohibition to prevent the industrial commission from requiring the defendants to proceed with a workers' compensation hearing on the merits before deciding whether there was jurisdiction over the defendants. *See* 234 Minn. 567, 48 N.W.2d 42 (1951). We held that the defendants would not waive their defense by proceeding on the merits. *See id.* at 569, 48 N.W.2d at 43.

■ In both *Mikel Drilling* and *Adent*, the defendants did more than simply bring the issue to the plaintiffs' attention; they requested a determination of the issue of jurisdiction before proceeding on the merits. Our case law demonstrates that a defendant is free to proceed on the merits of a case without fear of waiving the defense so long as the court has been provided an opportunity to determine the validity of the defense. *See also Media Duplication Serv., Ltd. v. HDG Software, Inc.*, 928 F.2d 1228, 1233 n. 2 (1st Cir.1991) (acknowledging that the defendant may waive the defense through conduct but finding no waiver where defendant raised insufficiency of service first in motion to dismiss, then in answer, then in opposition to plaintiff's motion for summary judgment and then in defendant's motion to dismiss for lack of subject matter jurisdiction). Therefore, defendants need not guess whether their conduct in litigation will amount to waiver if they have provided the court an opportunity to rule on their jurisdictional defense. *Cf. Michelson v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 709 F.Supp. 1279, 1284 (S.D.N.Y.1989) (rejecting plaintiff's argument that *any* participation in litigation constitutes waiver where defendant was awaiting ruling on motion to dismiss and participated in the litigation).

Price asks this court to hold that he had not subjected himself to the district court's authority and jurisdiction when he asked for partial summary judgment. While participating in litigation through discovery and responding to an opposing party's motions are not sufficient to waive the defense, moving for a decision on the merits of part of a claim invites the court to exercise its authority on behalf of the moving party and implicitly acquiesces to the court's exercise of jurisdiction over that party, much like the injunctive relief requested in *Mississippi Valley*. *See* 300 Minn. at 72, 217 N.W.2d at 764. Clearly Price submitted himself to the authority and jurisdiction of the district court by moving for partial summary judgment.

■ We conclude that once a defendant affirmatively invokes the court's power to determine the merits of all or part of a claim, the defendant cannot then deny the court's jurisdiction over him based on defective service. Therefore, we hold that by failing to move the district court to dismiss Patterson's claims before, or contemporaneously with, moving for partial summary judgment, Price affirmatively invoked the jurisdiction of the district court and waived by implication the defense of insufficient service of process.

Reversed and remanded to the district court for further proceedings consistent with this opinion.