Kimberly UTHE, Respondent,

v.

Eileen BAKER, Appellant.

No. C6–00–1934.

Court of Appeals of Minnesota.

June 26, 2001.

Duane E. Arndt, Kathryn K. Smith, Arndt & Benton, P.A., Minneapolis, MN, for respondent.

David Oskie, St. Paul, MN, for appellant.

Considered and decided by CRIPPEN, Presiding Judge, KLAPHAKE and STONEBURNER, Judges.

## OPINION

STONEBURNER, Judge

This is an appeal from the district court's order denying appellant's motion to dismiss respondent's complaint for insufficient service of process. Because the district court incorrectly concluded that appellant's actions in a separate lawsuit constituted waiver of the defense, or collaterally estopped appellant from asserting the defense in this lawsuit, we reverse.

## FACTS

In October 1992, respondent Kimberly Uthe (Uthe), who was a minor, and her mother, Karen Uthe, were injured when appellant Eileen Baker's car struck their car from behind while the Uthe vehicle was stopped at a red light. Uthe and her parents brought separate lawsuits against Baker. After unsuccessful attempts to serve Baker personally, Uthe and her parents attempted service of process under Minn.Stat. § 170.55 (1996) by filing with the Commissioner of Public Safety in June 1996. Notice was given to Baker's insurer that service was made on Baker in each case through the Department of Public Safety because counsel for Uthe and her parents were unable to locate Baker. It is undisputed that service was insufficient.

Answers were submitted in both actions and each answer asserted that service of process was "inadequate and incomplete." Uthe's parents' case went to trial, and the jury returned a verdict in their favor. At no time did Baker pursue the defense of insufficient service of process in the parents' lawsuit.

Uthe did not file or prosecute her case for more than two and one-half years, and ignored Baker's discovery requests and demands for information. The statute of limitations ran on Uthe's claim during this period. Then, in 1999, Uthe filed this action in district court and Baker moved to dismiss based on insufficient service of process. Uthe's counsel argued that Baker's failure to pursue the defense in Uthe's parents' lawsuit constituted waiver and estoppel. The district court found that Baker had not been served but applied the equitable principles of waiver and estoppel

to deny Baker's motion to dismiss. Baker appeals.

## ISSUE

Is the defense of insufficient service of process, properly asserted by answer in companion lawsuits, waived or precluded in one lawsuit because of the failure to pursue the defense in a separate lawsuit arising out of the same accident?

## ANALYSIS

■ "Before a * * * court may exercise personal jurisdiction over a defendant, the procedural requirement of service of process must be satisfied." *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, 108 S.Ct. 404, 409, 98 L.Ed.2d 415 (1987). Service of process is "the procedure by which a court having venue and jurisdiction of the subject matter of the suits asserts jurisdiction over the person of the party served." *Id.* (quoting *Mississippi Publ'g Corp. v. Murphree*, 326 U.S. 438, 444–45, 66 S.Ct. 242, 245–46, 90 L.Ed. 185 (1946)). Where service is insufficient, a district court must dismiss an action where service of process is insufficient. *Lewis v. Contracting Northwest, Inc.*, 413 N.W.2d 154, 156 (Minn.App.1987). The existence of personal jurisdiction is a question of law that we review de novo. *Patterson v. Wu Family Corp.*, 608 N.W.2d 863, 866 (Minn. 2000).

■ The parties do not challenge the district court's conclusion that the service of process attempted under Minn.Stat. § 170.55 (1996) by filing with the Commissioner of Public Safety was insufficient. On appeal, Baker argues that the district court lacked jurisdiction to hear Uthe's case because process was not properly served and Uthe argues that the district

court had jurisdiction to hear the case because Baker did not pursue the defense in Uthe's parents' lawsuit. Uthe contends that Baker either waived her defense of insufficiency of process by implication through her conduct in Uthe's parents' lawsuit, or was estopped from asserting the defense in Uthe's case because Baker did not pursue the defense in the parents' case.

■ In *Patterson,* the Minnesota Supreme Court concluded that ineffective service of process may be waived by implication through the conduct of a defendant:

[O]nce a defendant affirmatively invokes the court's power to determine the merits of all or part of a claim, the defendant cannot then deny the court's jurisdiction over him based on defective service.

*Id.* at 869. The supreme court noted that "it is the failure to provide the court an opportunity to rule on the defense before affirmatively invoking the court's jurisdiction on the merits of the claim that is determinative." *Id.* at 868. But "a defendant is free to proceed on the merits of a case without fear of waiving the defense so long as the court has been provided an opportunity to determine the validity of the defense" and "participating in litigation through discovery and responding to an opposing party's motions are not sufficient to waive the defense." *Id.* at 869, *review granted* (July 25, 2000).

Here, Baker asserted her insufficiency-of-process defense in a timely manner in her answer. *See* Minn. R. Civ. P. 12.02. And Baker also moved to dismiss Uthe's case for lack of personal jurisdiction before affirmatively invoking the court's jurisdiction on the merits of the claim.[1] At the

1. Baker's motion to dismiss contained a request for summary judgment because the stat-

ute of limitations on Uthe's tort claim had run, and in the alternative, requested partial

time that she made her motion, Baker had only participated in discovery and had not proceeded on the merits of Uthe's case. Thus, because Baker properly preserved her defense by asserting it in her answer and did not affirmatively invoke the court's jurisdiction before asking the court to rule on the merits of that defense, Baker did not waive her right to assert it.

Uthe claims that Baker's assertion of her defense was a "boilerplate" assertion of the lack of personal jurisdiction. The Minnesota Rules of Civil Procedure only require a party to "state in short and plain terms any defenses to each claim asserted." Minn. R. Civ. P. 8.02. Baker's assertion of the defense put Uthe on notice that service was insufficient.

We conclude that because Baker was not properly served and her participation in Uthe's case did not invoke the jurisdiction of the court before she raised her insufficiency-of-process defense, Baker did not waive that defense. Because the district court lacked personal jurisdiction over Baker, it should have granted Baker's motion to dismiss Uthe's complaint.

■ Uthe also argues that the district court was within its power to estop Baker from asserting an insufficiency-of-process defense. Lacking personal jurisdiction over Baker, the district court could not employ its equitable power to estop Baker from asserting her insufficiency-of-process defense.

## DECISION

The district court erred in failing to dismiss Uthe's complaint for insufficient

summary judgment on another claim and summary judgment on all other claims on the ground that the tort thresholds of Minnesota's

service of process and lack of jurisdiction over Baker.

**Reversed.**

No–Fault Automobile Insurance Act had not been met.