*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0473**

Ronald Hagle, et al.,
Appellants,

vs.

The Bank of New York Mellon,
as Trustee of the Benefit of CWMBS Inc., et al.,
Respondents,

Ryan S. Luscombe, et al.,
Defendants.

**Filed February 17, 2015
Affirmed in part, reversed in part, and remanded
Johnson, Judge**

Chisago County District Court
File No. 13-CV-12-1126

Jeramie Richard Steinert, Steinert P.A., Minneapolis, Minnesota (for appellants)

Mark G. Schroeder, Claire V.J. Joseph, Briggs and Morgan P.A., Minneapolis, Minnesota (for respondents)

Considered and decided by Johnson, Presiding Judge; Worke, Judge; and Reyes, Judge.

**U N P U B L I S H E D   O P I N I O N**

**JOHNSON**, Judge

Mortgage Electronic Registration Systems, Inc. (MERS), held a mortgage that encumbered a residence occupied by Ronald and Tara Hagle. A loan secured by the

mortgage was in default. MERS foreclosed on the mortgage, purchased the property at a sheriff's sale, and sold the property to The Bank of New York Mellon (BNY Mellon). BNY Mellon evicted the Hagles from the residence.

The Hagles then commenced this action against BNY Mellon, MERS, and three other defendants to obtain declaratory relief, damages, and other relief. The district court entered judgment for BNY Mellon and MERS after granting in part their motion to dismiss and later granting their motion for summary judgment on the remaining claims. On appeal, the Hagles challenge the district court's rulings on three of their claims against BNY Mellon and MERS. We affirm in part, reverse in part, and remand.

**FACTS**

The Hagles commenced this action against BNY Mellon and MERS in December 2012. The action is based on an eight-count complaint, which also alleges claims against three other defendants: Ryan S. Luscombe, Ryan Financial Corp., and Luscombe, Inc. This appeal is limited to only three of the Hagles' claims, and only to the extent that those claims relate to BNY Mellon and MERS: count 4, which seeks a declaratory judgment establishing all parties' respective property rights in the Hagles' former residence; count 6, which alleges a claim of slander of title against BNY Mellon and MERS; and count 8, which alleges a claim against BNY Mellon for the return of unspecified personal property.

The real property at issue is a single-family residence in the city of Forest Lake. The Hagles purchased the property in 2002 by a contract for deed. The Hagles allege that, between 2005 and 2008, they were the victims of an equity-stripping scheme that

was orchestrated and executed by Luscombe and his affiliated companies. Although the complaint identifies Luscombe and his affiliated companies as named defendants, the Hagles never have served the summons and complaint on Luscombe or his companies. The Hagles do not allege that BNY Mellon or MERS were complicit in Luscombe's equity-stripping scheme.

The equity-stripping scheme alleged in the complaint is, in short, as follows: Luscombe, Inc., solicited the Hagles in 2005 by offering to serve as their broker for a refinancing loan. The Hagles decided to borrow money to pay off their contract for deed. In February 2005, the Hagles borrowed $392,000 from Delta Funding Corp. and executed a mortgage in favor of MERS. The Hagles believed that Luscombe, acting as their agent, would apply most of the loan proceeds to their contract for deed, would keep approximately $57,000 in escrow, and would use the funds in escrow to make monthly payments on the loan. But, according to the complaint, Luscombe did not make payments on the loan and used the funds for unauthorized purposes. When the loan was in default, Luscombe persuaded the Hagles to convey the property to him and promised to repay the outstanding loan and to allow the Hagles to continue to live on the property. In December 2006, the Hagles deeded the property to Luscombe. Soon thereafter, Luscombe took out two loans from Summit Mortgage Corp. in the amounts of $440,000 and $55,000, paid off the outstanding loans, and executed two new mortgages on the property in favor of MERS. Luscombe later deeded the property to a third party, Anthony Bachmeier, who recorded the deed in August 2007. Bachmeier took out two loans totaling $560,000 from Countrywide Home Loans, Inc., paid off the outstanding

3

loans, and executed two new mortgages in favor of MERS. The loans were brokered by Luscombe.

In 2008, after Bachmeier's loans fell into default, MERS commenced foreclosure proceedings. In June 2008, MERS purchased the property at a sheriff's sale and conveyed the property to BNY Mellon. In March 2009, BNY Mellon commenced an eviction action against the Hagles, who still were living on the property. In April 2009, BNY Mellon and the Hagles stipulated to a stay of the eviction case. In June 2012, BNY Mellon commenced a second eviction action, which prompted the Chisago County District Court to issue an eviction summons. In July 2012, the district court entered judgment and issued a writ of recovery, and the Chisago County Sheriff's Office executed the writ of recovery and enforced the judgment by lockout.

Five months later, the Hagles commenced this action. In May 2013, BNY Mellon and MERS moved to dismiss counts 3, 4, 6, and 8. *See* Minn. R. Civ. P. 12.02(e). In July 2013, the district court granted the motion in part, denied it in part, and dismissed counts 6 and 8. In October 2013, BNY Mellon and MERS moved for summary judgment on all remaining claims. *See* Minn. R. Civ. P. 56. In January 2014, the district court granted the motion, and the district court administrator entered judgment in favor of BNY Mellon and MERS. The Hagles appeal.

## D E C I S I O N

A complaint "shall contain a short and plain statement of the claim showing that the pleader is entitled to relief." Minn. R. Civ. P. 8.01. A district court may dismiss a pleading for "failure to state a claim upon which relief can be granted." Minn. R. Civ. P.

4

12.02(e).  "A claim is sufficient against a motion to dismiss for failure to state a claim if it is possible on any evidence which might be produced, consistent with the pleader's theory, to grant the relief demanded."  *Walsh v. U.S. Bank, N.A.*, 851 N.W.2d 598, 603 (Minn. 2014).  This court applies a *de novo* standard of review to the question "whether the complaint sets forth a legally sufficient claim for relief."  *Bodah v. Lakeville Motor Express, Inc.*, 663 N.W.2d 550, 553 (Minn. 2003).  In reviewing a ruling on a motion to dismiss pursuant to rule 12.02(e), we consider "only the facts alleged in the complaint, accepting those facts as true and must construe all reasonable inferences in favor of the nonmoving party."  *Hebert v. City of Fifty Lakes*, 744 N.W.2d 226, 229 (Minn. 2008) (quotation omitted).

A district court must grant a motion for summary judgment if the evidence demonstrates "that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law."  Minn. R. Civ. P. 56.03.  A genuine issue of material fact exists if a rational trier of fact, considering the record as a whole, could find for the non-moving party.  *Frieler v. Carlson Mktg. Grp., Inc.*, 751 N.W.2d 558, 564 (Minn. 2008).  This court applies a *de novo* standard of review to the district court's legal conclusions on summary judgment and views the evidence in the light most favorable to the non-moving party.  *RAM Mut. Ins. Co. v. Rohde*, 820 N.W.2d 1, 6 (Minn. 2012); *Day Masonry v. Independent Sch. Dist. 347*, 781 N.W.2d 321, 325 (Minn. 2010).

# I. Count 6: Slander of Title

The Hagles first argue that the district court erred by granting BNY Mellon's and MERS's motion to dismiss with respect to count 6, in which the Hagles allege a claim of slander of title.

The elements of a slander-of-title claim are:

> (1) That there was a false statement concerning the real property owned by the plaintiff; (2) That the false statement was published to others; (3) That the false statement was published maliciously; (4) That the publication of the false statement concerning title to the property caused the plaintiff pecuniary loss in the form of special damages.

*Paidar v. Hughes*, 615 N.W.2d 276, 279-80 (Minn. 2000). In this context, a false statement includes the filing of an instrument that is known to be inoperative. *Id.* "The element of malice requires a reckless disregard concerning the truth or falsity of a matter despite a high degree of awareness of probable falsity or entertaining doubts as to its truth." *Brickner v. One Land Dev. Co.*, 742 N.W.2d 706, 711-12 (Minn. App. 2007) (quotations and alterations omitted), *review denied* (Minn. Mar. 18, 2008).

In this case, the Hagles allege that MERS committed the tort of slander of title by publishing the notice of foreclosure sale and that BNY Mellon committed the tort by ratifying MERS's actions in foreclosing on the mortgage and by recording the warranty deed that MERS had conveyed to BNY Mellon. The district court granted BNY Mellon's and MERS's motion to dismiss count 6 for only one reason: that the Hagles did not sufficiently plead malice. The district court reasoned: "Plaintiffs state that MERS and [BNY Mellon] acted with malice but there are no allegations supporting these

6

assertions. Legal conclusions in the complaint are not binding, and a plaintiff must provide more than labels and conclusions."

On appeal, the Hagles contend that the district court erred by reasoning that the complaint did not sufficiently allege malice. In paragraph 150 of the complaint, the Hagles allege that MERS committed certain acts "despite knowing the instruments were inoperative, or in reckless disregard concerning the truth or falsity of the matters contained in the foregoing instruments despite a high degree of awareness of probable falsity or entertaining doubts as to their truth." In paragraph 151 of the complaint, the Hagles used substantially similar language with respect to BNY Mellon. Respondents are correct that the Hagles did not use the words "malice" or "maliciously" in their allegations. But the words used in paragraphs 150 and 151 nonetheless express the essence of the legal definition of malice, which is "a reckless disregard concerning the truth or falsity of a matter despite a high degree of awareness of probable falsity or entertaining doubts as to its truth." *Id.* (quotations and alterations omitted). In light of the lenient notice-pleading standards in the rules of civil procedure, *see* Minn. R. Civ. P. 8.01, the Hagles sufficiently pleaded the existence of malice. *See Walsh*, 851 N.W.2d at 603.

Thus, the district court erred by granting BNY Mellon's and MERS's motion to dismiss with respect to count 6.

## II. Count 8: Return of Personal Property

The Hagles next argue that the district court erred by granting BNY Mellon's motion to dismiss with respect to count 8, in which they allege a claim for the return of personal property that was in the home when they were locked out.

The district court resolved BNY Mellon's motion to dismiss with respect to count 8 by ruling that the claim is barred by the doctrine of *res judicata* because the claim was resolved in the second eviction case. The Hagles contend that the district court erred in two ways: first, by considering matters that were not included in the complaint and, second, by finding that each requirement of the *res judicata* doctrine is satisfied. The Hagles' first contention is without merit because the issue of *res judicata* may be asserted and resolved on a motion to dismiss pursuant to rule 12. *See Walsh*, 851 N.W.2d at 602; *Hauschildt v. Beckingham*, 686 N.W.2d 829, 840 (Minn. 2004); *Northern States Power Co. v. Franklin*, 265 Minn. 391, 394, 122 N.W.2d 26, 29 (1963); *Mitchell v. City of St. Paul*, 228 Minn. 64, 73, 36 N.W.2d 132, 137 (1949). Thus, we focus on the Hagle's second contention.

The doctrine of *res judicata*, also known as claim preclusion, prevents a party from pursuing an action commenced after the completion of a prior action if "'(1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privities; (3) there was a final judgment on the merits; (4) the estopped party had a full and fair opportunity to litigate the matter.'" *Brown-Wilbert, Inc. v. Copeland Buhl & Co.*, 732 N.W.2d 209, 220 (Minn. 2007) (quoting *Hauschildt*, 686 N.W.2d at 840); *see also Rucker v. Schmidt*, 794 N.W.2d 114, 122

(Minn. 2011). "Res judicata applies equally to claims actually litigated and to claims that could have been litigated in the earlier action." *Brown-Wilbert*, 732 N.W.2d at 220. This court applies a *de novo* standard of review to a district court's application of *res judicata*. *Schober v. Commissioner of Revenue*, 853 N.W.2d 102, 111 (Minn. 2013).

We focus our analysis on the third element of the *res judicata* doctrine, which requires a final judgment on the merits. *See Brown-Wilbert*, 732 N.W.2d at 220. The Hagles contend that there was no final judgment on the merits resolving their claim for the return of their personal property because the district court in the second eviction case expressly refrained from deciding that issue. The Hagles point to the district court's November 5, 2012, order in the eviction case, in which the district court stated, "Any personal property remaining on the premises must be handled in accordance with Minn. Stat. § 504B.365, subd. 3 and 4." That statute contains extensive provisions concerning the removal and storage of personal property, *see* Minn. Stat. § 504B.365, subd. 3 (2014), and further provides that the district court presiding over an eviction action "shall retain jurisdiction in matters relating to removal of personal property under this section," *id.*, subd. 4. The November 5, 2012, order indicates that the district court presiding over the second eviction case did not resolve any issues concerning the Hagles' personal property but, rather, deferred action on that issue to allow for the additional proceedings that are contemplated by the eviction statute. When a particular issue is "withheld from consideration of the court, either by stipulation of the parties or otherwise, it is not adjudicated, and a judgment entered on other issues will not act as a bar to another action on the issues so withdrawn." *Smith v. Smith*, 235 Minn. 412, 418, 51 N.W.2d 276, 279-

9

80 (1952). Because the district court presiding over the second eviction case expressly refrained from deciding issues related to the Hagles' personal property, the district court did not enter a final judgment on the merits of the Hagles' claim for the return of their personal property. Accordingly, the third element of the *res judicata* doctrine is not satisfied.

Thus, the district court erred by granting BNY Mellon's motion to dismiss with respect to count 8 on the basis of *res judicata*.

### III. Count 4: Request for Declaratory Relief

The Hagles last argue that the district court erred by granting BNY Mellon's and MERS's motion for summary judgment with respect to count 4, in which the Hagles seek a multi-faceted declaration concerning the property rights of all named parties.

In count 4, the Hagles request that the district court "resolve and determine . . . the Defendants' adverse interests in the Property and the rights of the parties, respectively." Specifically, the Hagles seek a declaration that (1) they "are the fee titleholders of the property"; (2) they are entitled to possession of the premises and their personal property; (3) "the deed to Luscombe is void" or, in the alternative, is an equitable mortgage; (4) the mortgage executed by Bachmeier cannot be recorded; (5) the deed from the Hagles to Luscombe is void and unenforceable; (6) all instruments recorded by the defendants after the deed from the Hagles to Luscombe "be stricken from the tract index of the Chisago County Recorder"; and (7) the deed from the Hagles to Luscombe is not entitled to be recorded.

In their motion for summary judgment, BNY Mellon and MERS argued that the district court should dismiss count 4 because the Hagles failed to join Luscombe, an indispensable party. The district court agreed and granted the motion with respect to count 4 on the ground that the Hagles had failed to join all necessary and indispensable parties. The district court reasoned that, without Luscombe's participation in the case, complete relief cannot be accorded among those already parties because the validity of the deed that the Hagles conveyed to Luscombe is central to the resolution of the Hagle's request for declaratory relief.

On appeal, the Hagles contend that Luscombe is not an indispensable party because he has conveyed all of his interests in the property to others. The issue is governed by two rules of civil procedure:

> A person who is subject to service of process shall be joined as a party in the action if (a) in the person's absence complete relief cannot be accorded among those already parties . . . . If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff.

Minn. R. Civ. P. 19.01.

> If a person as described in Rule 19.01 cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include:
>
> (a) to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties;

(b)     the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided;

(c)     whether a judgment rendered in the person's absence will be adequate; and

(d)     whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Minn. R. Civ. P. 19.02.

In analyzing a question of joinder, a district court first should ask whether a person not yet served is a necessary party who "shall be joined" if feasible. *See* Minn. R. Civ. P. 19.01. If the first question is answered in the affirmative, but the person cannot be made a party, the court next must ask a second question, whether the action should proceed without the absent person or whether the action should be dismissed because the absent person is "indispensable." *See* Minn. R. Civ. P. 19.02. "An indispensable party is a party without whom the action could not proceed in equity and good conscience." *Hoyt Props., Inc. v. Prod. Res. Grp., L.L.C.*, 716 N.W.2d 366, 377 (Minn. App. 2006) (quotation omitted), *aff'd*, 736 N.W.2d 313 (Minn. 2007). This court applies an abuse-of-discretion standard of review to a district court's application of rules 19.01 and 19.02. *Id.*

With respect to the first question, the district court reasoned that Luscombe, Ryan Financial Corp., and Luscombe, Inc., are necessary parties under rule 19.01 because the district court could not grant relief without determining Luscombe's interests in the property and without determining whether the transactions between Luscombe and the

12

Hagles were void and unenforceable. The Hagles' compound request for declaratory relief directly implicates Luscombe's interests in the property from which the Hagles were evicted. Thus, the district court did not abuse its discretion by ruling that the Luscombe defendants are necessary parties who shall be joined if feasible.

With respect to the second question, the district court reasoned that the Luscombe defendants should be deemed indispensable, primarily because the Hagles had failed to serve process on the Luscombe defendants despite having a prior case dismissed for the very same reason. The district court's reason for deeming the Luscombe defendants indispensable is based on considerations of "equity" and "good conscience." *See Hoyt Props.*, 716 N.W.2d at 377. The Hagles' failure to serve the Luscombe defendants despite having named them as defendants is a proper consideration and supports the district court's decision to deem them indispensable. Thus, the district court did not abuse its discretion by ruling that the Luscombe defendants are indispensable parties whose absence should cause the dismissal of the Hagles' claim.

The Hagles also contend that, even if the Luscombe defendants are indispensable, the district court erred by not ordering that they be joined before dismissing the Hagles' claims. The Hagles' contention is based on the second sentence of rule 19.01, which provides that, if a necessary person has not been joined, "the court shall order that the person be made a party." Minn. R. Civ. P. 19.01. In response, BNY Mellon and MERS note that the district court in a prior case warned the Hagles several times to serve Luscombe but that the Hagles failed to do so. In the prior case, the district court dismissed Ronald Hagle's suit against the Luscombe defendants because he failed to

13

serve process on them despite being "on notice of the lack of proof of service upon defendants and his need to serve these indispensable parties."  It is apparent from our review of the record that the Hagles' attorney was aware that the Luscombe defendants had not been served in this case, was aware of the consequences of not serving them, and consciously chose not to do so.  Instead, the Hagles chose to rely solely on their argument that the Luscombe defendants were not necessary parties.  In the particular circumstances of this case, it was unnecessary for the district court to give the Hagles an opportunity to serve process on Luscombe because the Hagles effectively had refused to do so and, thus, waived their right to an additional opportunity to do so.  *See State v. Jones*, 772 N.W.2d 496, 505 (Minn. 2009); *Patterson v. Wu Family Corp.*, 608 N.W.2d 863, 866-67 (Minn. 2000).

Thus, the district court did not err by granting BNY Mellon's and MERS's summary-judgment motion with respect to count 4.

In sum, the district court erred by dismissing counts 6 and 8 as they relate to BNY Mellon and MERS.  The case is remanded to the district court for further proceedings between the Hagles and BNY Mellon with respect to those two claims.

**Affirmed in part, reversed in part, and remanded.**