**Jennifer THORSON, Respondent,**

v.

**ZOLLINGER DENTAL, P.A., d/b/a Advance Family Dental, Appellant.**

No. A06–935.

Court of Appeals of Minnesota.

March 13, 2007.

Daniel E. Hintz, Johnson & Lindberg, P.A., Minneapolis, MN, for respondent.

Thomas E. McEllistrem, Christopher K. Wachtler, Collins, Buckley, Sauntry & Haugh, P.L.L.P., St. Paul, MN, for appellant.

Considered and decided by HALBROOKS, Presiding Judge; ROSS, Judge; and CRIPPEN, Judge.*

## OPINION

HALBROOKS, Judge.

Appellant challenges the district court's decision to strike from the pleadings its affirmative defense of insufficient service of process. Because (1) appellant failed to supplement its answers to interrogatories or otherwise disclose its basis for the insufficient-service defense as required by the Minnesota Rules of Civil Procedure until after the relevant statute of limitations had passed and (2) respondent was prejudiced by appellant's failure to disclose, we conclude that the district court did not abuse its discretion by striking the affirmative defense from the pleadings and subsequently denying appellant's motion for summary judgment. We therefore affirm.

## FACTS

On March 30, 2005, respondent Jennifer Thorson brought a claim against her employer, appellant Zollinger Dental, P.A., alleging, among other things, that she was discriminated against when appellant terminated her from employment after she informed it that she was pregnant. Respondent attempted to serve appellant with the summons and complaint by delivery of the Ramsey County Sheriff's Department at appellant's office on April 1, 2005. The summons and complaint was left with the office receptionist. Appellant served its answer on April 18, 2005, alleging improper service of the summons and complaint as an affirmative defense.

On April 20, 2005, two days after receiving appellant's answer, respondent's attorney wrote a letter to appellant's attorney, enclosing a copy of the affidavit of service executed by the Ramsey County Sheriff's Department and requesting that appellant's counsel notify respondent's counsel if appellant still intended to assert the defense of improper service. The affidavit of service states that the summons and complaint were given personally to "Heather Erickson AAFS" (authorized agent for service).

On May 17, 2005, respondent's attorney delivered a letter to appellant's attorney, serving respondent's interrogatories and requests for production of documents. Interrogatory No. 2 asked: "If you claim insufficiency of service of process and/or lack of personal or subject matter jurisdiction as a defense to all or part of this action, state all facts in support of such defense or defenses." In addition, the letter stated, "I am still waiting for written confirmation that you are withdrawing the affirmative defense alleging improper service of the Summons and Complaint. Please let me know as soon as possible."

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

After receiving no reply, respondent's counsel delivered another letter to appellant's counsel on June 13, 2005, stating:

I have provided you with a copy of the Affidavit of Service, and I have written to you on several occasions asking about the status of your improper service defense. I am obviously concerned because of the short statutes of limitations involved in this type of case. Please provide me with the courtesy of advising whether you continue to maintain this defense.

Appellant's attorney responded by letter dated June 15, 2005, informing respondent's attorney that he would receive appellant's discovery responses after respondent answered appellant's discovery requests, which were served on May 3, 2005. In the same letter, appellant's counsel also stated, "We acknowledge receipt of the copy of the Affidavit of Service of the Summons and Complaint served upon Heather Erickson." Shortly thereafter, appellant's counsel and respondent's counsel discussed settlement over the telephone. During that conversation, appellant's counsel stated that he did not want to pursue the improper-service issue and would rather settle the case.

The next correspondence was initiated by appellant's counsel by way of a September 19, 2005 letter to respondent's counsel. Respondent's attorney responded by letter on September 22, 2005, notifying appellant's attorney that appellant's discovery responses were more than three months overdue and requesting that appellant notify respondent if it could not complete the responses within seven days. Appellant submitted its answers to respondent's interrogatories on September 23, 2005, signed by Molly Seidl, the office manager, offering the following answer to Interrogatory No. 2:

**INTERROGATORY NO. 2:** If you claim insufficiency of service of process and/or lack of personal or subject matter jurisdiction as a defense to all or part of this action, state all facts in support of such defense or defenses.

**ANSWER NO. 2:** Plaintiff has not pursued a claim with the EEOC or the Minnesota Human Rights Department. Discovery continues. This response will be updated.

The two parties apparently had little contact after that date until December 2005. Both parties agree that the statute of limitations for appellant's claims ran in mid-November 2005. On or about December 16, 2005, the parties again discussed settlement over the telephone. During that conversation, appellant's attorney informed respondent's attorney that the basis for the insufficient-service defense was that Heather Erickson was not an authorized agent for service.

On January 17, 2006, appellant served respondent with supplemental answers to respondent's interrogatories, amending its answer to Interrogatory No. 2 in the following way: "See attached Affidavits of Molly Seidl, Paul Zollinger, D.D.S., and Heather Erickson, with exhibits. Discovery continues." The affidavits of Seidl, Zollinger, and Erickson all indicate that Erickson, appellant's office receptionist, was not an authorized agent to accept service of process upon appellant. Appellant also moved for summary judgment pursuant to Minn. R. Civ. P. 56, arguing in part that respondent did not properly serve appellant and that the statute of limitations had subsequently run, thereby barring respondent's claims. After a hearing, the district court issued an order denying appellant's motion for summary judgment and striking appellant's affirmative defense of insufficient service of process. The district court concluded that

appellant failed to comply with the rules of civil procedure in answering interrogatories and in pleading the affirmative defense of insufficient service of process, stating:

> When the Answers to Interrogatories were submitted in September, 2005, [respondent] reasonably relied on those answers. Since the Answer to Interrogatory No. 2 did not create a need for any further action on [respondent's] part, none was undertaken. The fact that the answer was changed in January, 2006, after the statute of limitations has run is unfair to [respondent].
>
> . . . .
>
> [I]t is only fair that [appellant] be responsible for the answers provided to the Interrogatories which did not create a need for [respondent] to re-serve [appellant]. Fairness and the general application of the intent and spirit of the Rules of Civil Procedure support this Court's order that the affirmative defense be stricken and summary judgment denied.

This appeal follows.

## ISSUE

Did the district court err when it struck appellant's affirmative defense of insufficient service of process and denied appellant's motion for summary judgment?

## ANALYSIS

■ As a preliminary matter, the parties dispute the standard of review that we should apply in reviewing the district court's order. Appellant argues that the appropriate standard of review is de novo because this is an appeal from the district court's order denying appellant's motion

for summary judgment. *See Patterson v. Wu Family Corp.*, 608 N.W.2d 863, 866 (Minn.2000) (stating "[t]he determination of whether personal jurisdiction exists is ... a question of law that we review de novo"). But respondent contends that the appropriate standard of review is abuse of discretion because the basis for the denial of appellant's motion for summary judgment was the striking of appellant's insufficient-service-of-process defense as a sanction for discovery violations. *See In re Welfare of D.D.R.*, 713 N.W.2d 891, 898 (Minn.App.2006) (noting that the district court "has wide discretion in deciding whether to impose sanctions" for a discovery violation). Appellant counters that the district court was not imposing sanctions for discovery violations when it struck the insufficient-service-of-process defense, but rather fashioning an equitable remedy. Because we believe that the crux of this appeal is the district court's decision to strike appellant's insufficient-service defense as a result of appellant's failure to supplement its interrogatory answers until after the statute of limitations had run, thereby barring respondent's claims, we review for an abuse of discretion.

There is no dispute here with regard to whether service of the summons and complaint was proper, as even respondent now concedes that it was not.[1] Instead, the issue on appeal is whether the district court abused its discretion when it struck appellant's insufficient-service-of-process defense because appellant failed to supplement its answers to interrogatories in a timely manner and, therefore, denied appellant's summary-judgment motion.

Minn. R. Civ. P. 26.05 provides, in relevant part, that

---

1. Therefore, we need not address whether Heather Erickson was a "managing agent" or had "implied authority" to accept service or whether appellant had "actual notice" of service.

[a] party who has responded to a request for discovery is under a duty to supplement or correct the response to include information thereafter acquired if ordered by the court or in the following circumstances:

A party is under a duty seasonably to amend a prior response to an interrogatory ... if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Prior to the adoption of rule 26.05 in 1974, the supreme court in *Gebhard v. Niedzwiecki,* 265 Minn. 471, 122 N.W.2d 110 (1963), imposed a continuing obligation to supplement responses under Minn. R. Civ. P. 33. Minn. R. Civ. P. 26.05 1975 advisory comm. note. Rule 26.05 simply "clarifies the practice and makes explicit the obligation to provide new information." *Id.* But because rule 26.05 does not expressly provide for appropriate sanctions when a party fails to supplement responses, we examine *Gebhard* for guidance.

In *Gebhard,* appellant's counsel called a witness to testify near the end of trial without conveying the identity of the witness to respondent's counsel, despite the fact that respondent had earlier sought through interrogatories the names and addresses of all eyewitnesses and parties with knowledge of the facts. 265 Minn. at 474–75, 122 N.W.2d at 113. Respondent's counsel moved to suppress the testimony of the witness and the district court, after conducting a hearing in chambers, granted respondent's motion "on the ground that there had been a violation of the spirit of Rule 33 by [appellant's] attorneys in failing to transmit the information they had concerning th[is] witness[ ] to [respondent's] counsel." *Id.* at 475, 122 N.W.2d at 113.

On appeal, the supreme court affirmed the suppression of appellant's witness, holding that because "there is no reason why a party should not be under an equal duty to disclose information, acquired after answering an interrogatory, that would render the answer inaccurate, untrue, or incomplete" "where the after-acquired information is of a material nature or where it will render the answers originally given untruthful, unreliable, or inaccurate, the obligation to disclose such after-acquired information continues." *Id.* at 476, 477, 122 N.W.2d at 114.[2]

Having determined that a party has a continuing obligation under rule 33 to disclose information discovered after answers to interrogatories are served and that appellant failed to comply with that duty, the supreme court considered appropriate sanctions. *Id.* at 478, 122 N.W.2d at 115. The supreme court first noted that "[b]efore drastic sanctions are imposed, it should appear that violation of the rule has or will result in prejudice to the party

---

2.  The supreme court noted:

    One of the main purposes of Rules 26.02 and 33 is the discovery of facts which will enable litigants to prepare for trial free from the element of surprise which, prior to the adoption of the rules, frequently led to a result based more upon the legal maneuvering of counsel than upon the merits of the case. That being the purpose of the rules, a construction of them that will defeat the purpose for which they were adopted should be avoided if that is possible.

    *Id.* at 476, 122 N.W.2d at 114 (footnote omitted). The supreme court further noted that the party who originally served interrogatories should not be required to submit successive interrogatories up until the time of trial in order to obtain additional information, nor should they be required to state in the interrogatories that the request is a continuing one. *Id.* at 477, 122 N.W.2d at 114.

asserting a violation." *Id.* (footnote omitted). The supreme court reasoned that [t]he object of sanctions should be to prevent the party who fails to comply with the rule from profiting by his own violation. In cases where there is an honest mistake and the harm can be undone, it may frequently occur that a continuance or some other remedy would be adequate, but, where the violation is willful and the party guilty of the violation seeks to take advantage of it at a time when the harm cannot be undone, suppression of the evidence may very well be the proper and only available remedy.

*Id.* at 478–79, 122 N.W.2d at 115 (footnotes omitted). Because the supreme court determined that appellant's failure to disclose was willful, it concluded that the district court did not abuse its discretion in suppressing the evidence. *Id.* at 480, 122 N.W.2d at 116.

Similarly, in *McCarthy Well Co. v. St. Peter Creamery, Inc.*, 410 N.W.2d 312, 316 (Minn.1987), respondent, in its answers to interrogatories, identified the alleged negligent acts of appellant which supported its counterclaim against appellant for negligence and stated that it had not yet found an expert witness to use at trial. Just five days prior to trial, respondent's attorney served amended answers to interrogatories stating additional negligent acts of appellant in support of its counterclaim. *Id.* at 314, 316. On the same day, respondent's attorney also delivered a letter to appellant's attorney identifying the expert witnesses that they intended to call at trial. *Id.* at 316. Appellant moved to exclude evidence regarding the alleged negligent acts identified for the first time in the amended interrogatory answers, but the district court denied appellant's motion. *Id.* The district court also allowed one of the expert witnesses identified in the letter to testify, although it prohibited the other expert from being called. *Id.* at 316–17. This court affirmed. *Id.* at 317.

On appeal, the supreme court stated that "[a] party on whom interrogatories are served has a continuing duty to supplement answers; when a party fails to disclose information acquired after answering interrogatories, drastic sanctions are proper only when it appears that the failure will result in prejudice to the party asserting the violation." *Id.* (citing *Gebhard*, 265 Minn. at 478, 122 N.W.2d at 115). The supreme court added that

[o]ne of the purposes of interrogatories is to prevent unjust surprise and prejudice, and the purpose of imposing sanctions is to prevent a party who fails to comply with Minn. R. Civ. P. 33 from profiting from his or her own wrong. The proper relief lies within the discretion of the [district] court.

*Id.* The supreme court concluded that respondent's identification of additional acts of negligence by appellant did not constitute unfair surprise and did not prejudice appellant and that the late disclosure of the expert witness similarly did not prejudice appellant; therefore, the supreme court affirmed. *Id.*

The case before us is factually distinguishable from *McCarthy Well* and more akin to *Gebhard*. Here, respondent attempted to serve the summons and complaint on appellant on April 1, 2005. In response to appellant's answer, which asserted improper service as an affirmative defense, respondent's counsel delivered a letter to appellant's counsel on April 20, 2005, enclosing a copy of the affidavit of service and requesting that appellant's counsel notify respondent if it intended to maintain its insufficient-service defense. On May 17, 2005, respondent's counsel delivered a second letter to appellant's counsel, serving respondent's interrogatories

and again asking appellant's counsel to notify respondent's counsel "as soon as possible" regarding whether appellant still intended to assert the improper-service defense. In addition, Interrogatory No. 2 asked: "If you claim insufficiency of service of process and/or lack of personal or subject matter jurisdiction as a defense to all or part of this action, state all facts in support of such defense or defenses."

After receiving no reply, respondent's counsel delivered a third letter to appellant's attorney on June 13, 2005, stating that they were "concerned because of the short statutes of limitations involved in this type of case," and therefore requesting that appellant's counsel "provide [respondent] with the courtesy of advising whether [they] continue to maintain this defense." Appellant's counsel delivered a letter to respondent's counsel on June 15, 2005, stating, in part, "we acknowledge receipt of the copy of the Affidavit of Service of the Summons and Complaint served upon Heather Erickson." But the letter did not indicate whether appellant maintained the defense of improper service. Shortly thereafter, appellant's attorney represented to respondent's attorney during a telephone conversation that appellant did not want to pursue the improper-service issue and would rather settle the case.

On September 23, 2005, appellant served its responses to respondent's interrogatories. With regard to Interrogatory No. 2, appellant answered "[respondent] has not pursued a claim with the EEOC or the Minnesota Human Rights Department. Discovery continues. This response will be updated." During a telephone call on December 16, 2005, after the one-year statute of limitations had run on respondent's claims, appellant's attorney revealed an additional basis for the improper service defense—that Heather Erickson was not an authorized agent for service. On January 17, 2006, appellant served supplemental answers to respondent's interrogatories along with attached affidavits, which all stated that Heather Erickson was not an authorized agent to accept service upon appellant. On the same day, appellant moved for summary judgment on respondent's claims, arguing that appellant was not properly served and that respondent's claims were therefore barred by the statute of limitations.

Although appellant eventually disclosed in supplemental interrogatory answers that service upon appellant was improper because Erickson was not an authorized agent for service, appellant did not do so until after the relevant statute of limitations had passed.[3] As a result, respondent did not have an opportunity to re-serve appellant. Thus, although the district court found that appellant did not fail to supplement its answers intentionally or in bad faith, we still conclude that respondent here was prejudiced by appellant's untimely disclosure. Moreover, adopting appellant's position on appeal could have

3. Appellant claims that it did not disclose that Erickson was not an authorized agent for service at an earlier date because counsel did not investigate the basis of the insufficient service defense until December 2005. But Minn. R. Civ. P. 26.07 provides that an attorney shall sign discovery responses and that such signature constitutes that the attorney has read the discovery requests and has made a "reasonable inquiry." Here, the record supports the conclusion that appellant did not reasonably inquire into the issue of service prior to serving answers to respondent's interrogatories in September 2005, because if appellant had, it surely would have answered then that Erickson was not an authorized agent for service. Because the district court did not make a finding of bad faith on appellant's part, we decline to do so. But we conclude that this record does not contain any reasonable basis for appellant's failure to timely supplement its answers.

disastrous consequences, effectively encouraging parties to delay discovery, research, investigation, and disclosure, either intentionally or unintentionally, until after the relevant statute of limitations had run on plaintiffs' claims and to thereafter bring a motion to dismiss such claims when plaintiffs had no opportunity to remedy the insufficiency. This result would be untenable. Accordingly, we affirm the district court's decision to strike appellant's insufficient-service-of-process defense.

Citing *Uthe v. Baker*, 629 N.W.2d 121, 122–23 (Minn.App.2001), appellant argues that the district court improperly fashioned an equitable remedy when it struck appellant's insufficient-service-of-process defense because the district court did not have jurisdiction over appellant. But *Uthe* is distinguishable from this case because the district court here did not employ its equitable power to estop appellant from asserting the defense. Instead, the district court struck the defense from appellant's complaint as a sanction for appellant's failure to disclose or supplement interrogatory responses until after the statute of limitations had run on respondent's claims.

Finally, because we conclude that the district court did not abuse its discretion when it struck appellant's affirmative defense of insufficiency of service, we need not address respondent's contention that appellant waived its right to assert the affirmative defense by failing to supplement interrogatory answers until after the statute of limitations had run.

## DECISION

We conclude that the district court did not abuse its discretion by striking from the pleadings appellant's affirmative defense of insufficient service of process when the factual basis for the defense was or should have been known by appellant before the running of the statute of limitations and respondent was prejudiced by appellant's failure to disclose the basis for the defense until after the relevant statute of limitations had run.

**Affirmed.**