LEOPOLD S. REHBERGER v. PROJECT PLUMBING CO., INC.

205 N. W. 2d 126.

March 2, 1973—No. 43658.

*Swanson & Prueter* and *John L. Prueter,* for appellant.
*Miner & Miner* and *Andrew E. Miner,* for respondent.

Considered by Knutson, C. J., and Todd, MacLaughlin, and Olson, JJ.

PER CURIAM.

Defendant appeals from an order of the Hennepin County Municipal Court denying its motion for a new trial following an award of damages in the amount of $459.70 to plaintiff for expenses incurred in the repair of a sewer line installed by defendant. The trial court determined that defendant was negligent in the performance of its work for plaintiff. We affirm.

About the first part of April 1962 plaintiff contracted with defendant for the installation of a sewer hookup at the plaintiff's residence. Twice during the succeeding 5 years, defendant was required to repair the sewer pipes. The first time plaintiff was charged $20 for the work. In the second instance, defendant blamed the city sewer system for the trouble and charged plaintiff $20.25. Sometime in 1967, the sewer again plugged up, and plaintiff summoned Roto Rooter which reamed the pipes and charged plaintiff $49.70. At this time, plaintiff requested defendant to repair the sewer system permanently. When defendant refused, plaintiff again called Roto Rooter, which repaired the system for the sum of $390. The city water and sewer inspector, who was present during the repair work, testified that he found the "transit pipe * * * had back pitch to the house."

The issues of sufficiency of the evidence and of the defense of statute of limitations are raised on this appeal.

Defendant's assertion that there existed no "close causal connection"

578

between its conduct and the resulting injury is not supported by the evidence. While the "back pitch" in the sewer pipes could be the result of any one or more of different causes, there is adequate evidence to support a reasonable inference that the "back pitch" was the result of the negligent installation of the pipes. See, Sandvik v. Jammes, 281 Minn. 85, 160 N. W. 2d 700 (1968); Hanson v. Christensen, 275 Minn. 204, 145 N. W. 2d 868 (1966); Lindgren v. Voge, 260 Minn. 262, 109 N. W. 2d 754 (1961). Since the findings of the trial court are entitled to the same weight on review as a jury verdict, the evidence does support a finding that defendant was negligent.

Defendant asserts that plaintiff's cause of action was barred by the statute of limitations. Rule 8.03, Rules of Civil Procedure, states that a party must "set forth affirmatively * * * statute of limitations." A failure to plead an affirmative defense, without later amendment of the pleading, waives the defense. See, Melbo v. Rinn, 280 Minn. 72, 157 N. W. 2d 842 (1968). Defendant failed to specifically raise the limitation defense in its answer, and the issue was not decided by the lower court. This court will not consider the applicability of the statute of limitations on appeal, even though the question was raised below, if it was not passed on by the trial court. This is especially true in a case such as the one at bar where the facts upon which its application depends are in dispute. Township of Normania v. County of Yellow Medicine, 205 Minn. 451, 286 N. W. 881 (1939).

The trial court's award of $459.70 correctly reflects all expenses incurred by plaintiff less the legitimate charge of $20.25 for which the city system was at fault.

Affirmed.