**Linda Lee O'REILLY, Appellant,**

v.

**ALLSTATE INSURANCE COMPANY, Respondent,**

**Lomas Mortgage USA, Defendant.**

**No. C7-91-413.**

Court of Appeals of Minnesota.

Aug. 27, 1991.

Dennis D. Daly, Jr., Roseville, for appellant.

Charles J. Noel, Jeffrey J. Lindquist, Pustorino, Pederson, Tilton & Parrington, Minneapolis, for respondent.

Considered and decided by KLAPHAKE, P.J., and LANSING and DAVIES, JJ.

## OPINION

LANSING, Judge.

The insured under a homeowner's policy appeals the trial court's summary judgment enforcing the policy's one-year claims limitation clause. We reverse the summary judgment and remand for determination of the date of loss.

## FACTS

Linda O'Reilly sued Allstate Insurance Company in June 1989 for refusal to provide coverage for wind damage under her homeowner's policy. In July 1983 a severe thunderstorm cracked the basement walls and foundation of O'Reilly's house. O'Reilly filed a claim shortly after the storm, but Allstate denied coverage because, according to Allstate's claims adjustor, the damage was minimal and was caused by earth movement not covered by the policy. O'Reilly did not challenge this determination.

O'Reilly made small repairs as the cracks in her house slowly spread. In September 1988, the damage to her home suddenly accelerated. The chimney separated from the house, the first and second story floors sank, and excess pressure began to stress the gas lines.

Allstate again denied O'Reilly's claim for coverage. After obtaining an expert's opinion that the chimney separation stemmed from the high winds of the 1983 storm, not from earth movement, O'Reilly sued. Allstate moved for summary judgment based on O'Reilly's failure to bring suit within one year of the "date of loss" as required under her policy. The trial court granted Allstate's motion, and O'Reilly appeals.

## ISSUE

Is O'Reilly's claim barred for failure to sue within one year of the "date of loss"?

## ANALYSIS

An insurance contract may limit the time within which an action must be brought to a period less than that fixed by the general statute of limitation if no contrary statute of limitation applies and the contractual limitation is not unreasonably short. *See Henning Nelson Constr. Co. v. Fireman's Fund Am. Life Ins. Co.*, 383 N.W.2d 645, 650–51 (Minn.1986). These policy limitations are not favored and are strictly construed against the invoking party. *Id.* at 651.

The limitation in O'Reilly's policy provides:

> No suit or action may be brought against [Allstate] unless there has been full compliance with all the policy terms. Any suit or action must be brought within one year after the date of loss.

Focusing on this language, O'Reilly argues that because "date of loss" is not defined, the phrase could mean either the date of the occurrence that caused the damage or the date the damage was realized. This ambiguity, according to O'Reilly, should be resolved in favor of coverage because her claim was made within one year of when the damage was realized. *See Hubred v. Control Data Corp.*, 442 N.W.2d 308, 310 (Minn.1989) (ambiguities in insurance policy must be construed in favor of the insured).

Minnesota courts have not yet considered the meaning of "date of loss" in a limitation clause of an insurance policy. Date of loss is not commonly used in policies but is similar to a more commonly used phrase, "inception of the loss." Other jurisdictions have interpreted "inception of the loss" to

mean the date of the casualty causing the loss. *See Zuckerman v. Transamerica Ins. Co.*, 133 Ariz. 139, 650 P.2d 441 (1982); *Closser v. Penn Mut. Fire Ins. Co.*, 457 A.2d 1081 (Del.Super.Ct.1983) (rejecting the date the insurer denies coverage as an appropriate starting point for the running of the limitation period); *see generally* Annotation, *Property Insurance—Time Requirements*, 24 A.L.R.3d 1007 (1965).

When the insured's loss is progressive or latent, however, courts have been reluctant to interpret contractual limitation periods strictly. At least one court has adopted a flexible rule in progressive damage cases that fixes the "inception of the loss" as the date of the losses' reasonable discovery. *See Prudential–LMI Commercial Ins. v. Superior Court of San Diego County*, 51 Cal.3d 674, 274 Cal.Rptr. 387, 798 P.2d 1230 (1990). Under this "delayed discovery rule," the suit limitation period begins to run after "appreciable damage occurs and is or should be known to the insured." *Id.*, 274 Cal.Rptr. at 395, 798 P.2d at 1238.

This approach protects against potentially inequitable technical forfeitures of insurance coverage in progressive or latent loss cases when the time between the inception of the damage and its patency exceeds the applicable period. Although the standard is derived from cases in which the policy limitation period is defined as commencing at the "inception of the loss," the standard applies even more logically to O'Reilly's policy language, which commences the limitation period at the "date of loss." Unlike "inception," "date" does not restrictively modify loss, and the initiation of the limitation period depends only on the determination of when O'Reilly's loss arose.

Although O'Reilly recognized some damage in 1983 and filed a claim against Allstate, the severity of the eventual damage to her home was not apparent until 1988. According to O'Reilly, even Allstate's claims adjustor stated in 1983 that the damage was cosmetic. O'Reilly did not file suit, consequently, until after submission and rejection of her claim based on the sudden and severe damage in 1988 that led to condemnation of her house.

■ Whether appreciable damage occurred in 1983, when O'Reilly filed her initial claim, or in 1988, when the damage substantially increased, is a factual determination not properly resolved on summary judgment. *See id.; cf. Wittmer v. Ruegemer*, 419 N.W.2d 493, 494 (Minn.1988). Accordingly, we reverse Allstate's award of summary judgment. Any claim of estoppel arising from the Allstate adjustor's representations following the 1983 storm may be presented to the trial court on remand. *See Northern Petrochemical Co. v. U.S. Fire Ins. Co.*, 277 N.W.2d 408, 410 (Minn.1979).

■ We reject O'Reilly's alternative claim that Allstate waived its contractual limitation by failing to specifically plead it. Allstate's answer affirmatively pleaded the "applicable statute of limitation" as a defense to O'Reilly's claim, but did not refer to the policy's limitation period. Minn. R.Civ.P. 8.03 requires statute of limitation defenses to be affirmatively pleaded but, aside from a general requirement of pleading of "matter[s] constituting an avoidance or affirmative defense," does not address contractual limitations provisions.

The trial court could have treated Allstate's defense as waived. *See Rehberger v. Project Plumbing Co.*, 295 Minn. 577, 578, 205 N.W.2d 126, 127 (1973) (rejecting statute of limitation defense because defendant failed to plead and trial court never considered defense). However, given the trial court's discretion to allow amendment of the pleadings, *see Niccum v. Hydra Tool Corp.*, 438 N.W.2d 96, 98 (Minn.1989), its consideration of the issue on a motion for summary judgment was not erroneous. *Cf. Ericksen v. Winnebago Indus., Inc.*, 342 F.Supp. 1190, 1194 (D.Minn.1972) (statute of limitation defense may be raised by a motion for summary judgment, to dismiss, or for judgment on the pleadings).

■ Finally, O'Reilly contends that Allstate's failure to notify her of its intent to rely on the contractual limitation period as a bar to her claim violated Minn.Stat. §§ 72A.17—.32 (Unfair Claims Practices Act). Because this statute does not confer

a private cause of action, this claim has no merit. *See Morris v. American Family Mut. Ins. Co.*, 386 N.W.2d 233, 238 (Minn. 1986).

## DECISION

Determining when the insurance policy's limitation period begins to run in cases involving latent or progressive property damage depends on the factual determination of when appreciable insured damage occurred. We reverse the summary judgment awarded to Allstate and remand to permit this determination.

Reversed and remanded.