Dean P. VLAHOS, et al., Appellants,

v.

R & I CONSTRUCTION OF BLOOM-
INGTON, INC., f/k/a Robert Waade &
Associates, Inc., et al., Respondents,

John DOE, et al., Defendants,

and

R & I Construction Of Bloomington,
Inc., f/k/a Robert Waade & Associates,
Inc., et al., third party plaintiffs, Re-
spondents,

v.

Quality Insulation, Inc., third party
defendant, Respondent,

Intex Insulating Co., Inc., Third
Party Defendant,

Kleve Heating & Air Conditioning,
Inc., third party defendant,
Respondent,

Tappe Construction Co., third party
defendant, Respondent,

Donnelly Brothers Construction
Company, Inc., third party
defendant, Respondent,

Collins Electrical Construction
Co., third party defendant,
Respondent,

Weather Shield Mfg., Inc., Third
Party Defendant.

No. C7–02–1428.

Court of Appeals of Minnesota.

April 9, 2003.

Robert R. Weinstine, John C. Holper, Karl E. Robinson, Winthrop & Weinstine, P.A., St. Paul, for appellants.

Robert W. Kettering, Jr., Anton J. Van der Merwe, Douglas D. McGhee, Arthur, Chapman, Kettering, Smetak & Pikala, PA, Minneapolis, for respondents R & I Construction of Bloomington et al.

Michael R. Moline, Conley & Borgeson, St. Paul, for respondent Quality Insulation.

John E. Varpness, Gislason, Martin & Varpness, P.A., Minneapolis, for respondent Kleve Heating & Air Conditioning.

Michael D. Carr, Fitch, Johnson, Larson, Walsh & Held, P.A., Minneapolis, Bruce A. Boeder, Lambert & Boeder, Wayzata, Michael D. Barrett, Cousineau, McGuire & Anderson, Minneapolis, for respondent Tappe Construction.

Peter M. Waldeck, Timothy W. Waldeck, Waldeck & Lind, P.A., Minneapolis, for respondent Donnelly Brothers Construction.

Jocelyn L. Knoll, Fabyanske, Westra & Hart, Minneapolis, for respondent Collins Electrical Construction.

Considered and decided by SCHUMACHER, Presiding Judge, WILLIS, Judge, and ANDERSON, Judge.

## OPINION

SCHUMACHER, J.

Appellants Dean and Michelle Vlahos argue that the district court erred by granting respondents' motions for summary judgment, dismissing the Vlahos's lawsuit as barred by the applicable statute of limitations and as not alleging "major construction defects" as defined by statute. We affirm.

## FACTS

On or about June 1, 1990, respondent R & I Construction of Bloomington, Inc., f/k/a Robert Waade & Associates, Inc. entered into a contract with Roger and Carol Rovick to construct a home at 3680 Northhome Road in Deephaven on Lake Minnetonka. Appellants Dean P. Vlahos and Michelle R. Vlahos purchased the home from the Rovicks. The Rovicks and R & I elected not to employ an architect or engineer for construction of the home. About August 28, 1991, the home was substantially completed, a certificate of occupancy was issued, and the Rovicks moved in.

The Rovicks had water problems in the home during their occupancy. Their deposition testimony showed that they caulked and re-caulked the home every spring, there were numerous occasions when water seeped into the home in the lower level, they noticed water dripping from the ceiling and replaced an eight foot by ten foot section of the ceiling because of the water damage, experienced warping of a parquet floor that they then replaced with a marble floor, and replaced a water-damaged beam. Additionally, Roger Rovick testified that "after many years" respondent Kleve Heating & Air Conditioning, Inc. fixed a condensation problem with the windows in the swimming pool area with a dehumidifying system. The home had an indoor hottub.

Appellants purchased the home from the Rovicks for $5.175 million and moved in on March 13, 2000. Appellants undertook an extensive remodeling project beginning in April 2000. It was during the remodeling that they discovered the previous water damage to the home. Appellants claim that they were not aware of the extensive damage prior to the remodeling. Respondents point out that the Rovicks' property disclosure statement disclosed "roof, wall or ceiling damage caused by water," and appellants' inspection report identified areas of water seepage, leakage, corrosion, and mold.

The Rovicks maintain that the problems of which they were aware regarding water penetration were isolated, not significant, and had been fixed prior to the sale to appellants. Appellants claim that much of the water damage was discovered behind the walls and involved "decay of interior floor trusses, ceiling trusses, and other load-bearing supports throughout the [r]esidence."

Appellants initiated this lawsuit against R & I on April 23, 2001. Appellants spent $3.8 million for remodeling, of which they attributed $1.118 million to the water damages. R & I asserted third-party claims against Kleve Heating and other subcontractors. Respondents contended that appellants' lawsuit was barred by Minn.Stat. § 541.051 (2002), a statute of limitations limiting claims against entities involved in providing an improvement to real property to two-years from "discovery of the injury."

The district court decided on summary judgment that the Rovicks knew or should have known of the water damage many years prior to appellants' initiation of suit and concluded that the statute's plain language barred appellants' action because the "discovery of the injury to the real property" had occurred more than two years prior to appellants' lawsuit. The court also concluded that the construction defects leading to the water penetration and damage were not "major construction defects" under the statutory home warranty set forth in Minn.Stat. § 327A.02 (2002).

## ISSUES

1. Does a fact issue exist as to whether the Rovicks knew or should have known of the water problem to the home prior to April 1, 1999?

2. Does Minn.Stat. § 541.051, subd. 1(a) (1998) bar a claim by a subsequent purchaser of a home if the previous owner had notice of the injury to the home more than two years prior to initiation of a lawsuit?

3. Are real property defects arising after construction "major construction defects" under Minn.Stat. § 327A.02 (2002)?

## ANALYSIS

When reviewing a district court's order granting summary judgment, the appellate court reviews the record to determine whether any genuine issues of material fact exist and whether the district court properly applied the law. *Patterson v. Wu Family Corp.*, 608 N.W.2d 863, 866 (Minn. 2000). When deciding whether or not an issue of material fact exists, the evidence is viewed in the light most favorable to the nonmoving party. *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn.1993). A material fact issue does not exist when the nonmoving party presents evidence that only creates a "metaphysical doubt as to a factual issue," not "sufficiently probative with respect to as essential element of the nonmoving party's case to permit reasonable persons to draw different conclusions." *DLH, Inc. v. Russ*, 566 N.W.2d 60, 71 (Minn.1997).

The interpretation of a statute is a legal determination, which this court reviews de novo. *Frost–Benco Elec. Ass'n v. Minn. Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984). Minn.Stat. § 541.051, subd. 1(a) (1998) provides as follows:

> Except where fraud is involved, no action by any person * * * to recover damages for any injury to property * * * arising out of the defective and unsafe condition of an improvement to real property * * * shall be brought ·against any person performing or furnishing the design, planning, supervision, materials, or observation of construction or construction of the improvement to real property * * * more than two years after discovery of the injury * * *.

■ 1. The district court concluded that the Rovicks knew or should have known of the injury to the home at some point prior to April of 1999.[1] The court did not find credible the Rovicks' claims that they were unaware of the water problem or thought that the problems had been rectified. The court concluded that no fact issue existed as to whether or not the Rovicks knew of the water problems for purposes of initiating the two-year statute of limitations period.

Appellants contend that the issue as to whether or not the Rovicks' notice rose to a level sufficient to trigger the statute of limitations amounts to a fact issue not suitable for summary judgment. Respondents contend that the evidence clearly indicates the Rovicks knew about the water problems, knew that they were significant, and knew that they were continuing.

■ "[W]hen reasonable minds may differ about the discovery of the injury or condition, the issue is one for the trier of fact." *Metro. Life Ins. Co. v. M.A. Mortenson Co., Inc.*, 545 N.W.2d 394, 399 (Minn.App.1996) (quotation omitted), *review denied* (Minn. May 21, 1996). In *Metro. Life*, the defect was leaking windows. This court affirmed the district court's grant of summary judgment, deciding that no fact issue existed as to whether or not the building owners had sufficient

---

1. Appellants also made a claim against the Rovicks. That claim was arbitrated under the purchase agreement.

notice of the problem more than two years prior to initiating suit:

> The facts here do not include a temporary solution or cessation of the injury. The building engineer testified that he observed the condition "more or less continually" after late 1987 or early 1988. Met Life's water problem was neither intermittent nor thought to be insignificant, and its discovery occurred more than two years before Met Life brought this action.

*Id.* Under the facts and evidence involved in *Metro. Life,* the issue as to when notice occurred was clear and did not preclude summary judgment.

In the present case, the Rovicks conceded they had ongoing water penetration problems about which they had numerous discussions with the construction entities. The Rovicks undertook significant repairs to the home due to the water problems, including replacing a fairly large portion of the ceiling in the lower level and replacing a wood floor with marble. Roger Rovick testified that they were caulking and painting every spring because of the water penetration. The Rovicks had numerous discussions about the water problems with R & I and Kleve Heating. Based on these undisputed facts, the district court correctly concluded that no issue of material fact existed as to whether or not the Rovicks had notice of the injury to the home prior to April of 1999.

■ 2. Appellants argue that the district court erred by "imputing" the Rovicks' notice of the injury to the home to them, thereby barring appellants' lawsuit under Minn.Stat. § 541.051. Appellants maintain that subsequent purchasers cannot be barred under the statute of limitations unless and until their own notice of the injury triggers the two-year limitation under Minn.Stat. § 541.051, and therefore notice to the Rovicks did not constitute notice to them.

Interpreting the statute is a legal determination subject to de novo review. *Frost–Benco Elec.,* 358 N.W.2d at 642. This court owes the district court's interpretation no deference. Minn.Stat. § 541.051 provides that

> no action *by any person* * * * to recover damages for *any injury* to property * * * arising out of the defective and unsafe condition of an improvement to real property, * * * shall be brought against any person performing * * * construction of the improvement to real property * * * more than two years after discovery of *the injury,* * * * nor, in any event shall such a cause of action accrue more than ten years after substantial completion of the construction.

(Emphasis added.) The statute does not speak of "the claimant's injury," nor does it speak of "discovery of the injury by the claimant." Also, the statute uses the terms "any person" and "any injury." We conclude that the plain language of the statute supports the district court's determination that appellants' claims are time-barred.

Appellants argue that an exception should be made similar to "notice to the claimant" exceptions the courts have made in other contexts, thereby allowing their claim to go forward. Here, however, there is a clear statutory prohibition. Appellants maintain it is unfair to bar their claim simply because the previous owners failed to pursue an action against R & I. But the statute speaks of "any injury to property." Unfortunately, even though appellants did not have a right to assert "an action * * * to recover damages" for the injury to the home until after they owned it, the plain language of the statute bars their claim. A statutory change to allow a subsequent purchaser the right to

pursue a claim is the province of the legislature.

Appellants allude to the inequity of this result. We are not convinced. Although the plain language of the statute bars a claim against respondents, appellants have a potential cause of action against the Rovicks, as would any subsequent purchaser when the previous owner had notice of the construction defect triggering the statute of limitations. Whether appellants or any subsequent purchaser ultimately recovers from the previous owners depend on the disclosures made or not made at the time of sale and the risks assumed by each party to the sale. The statute does not create inequity. It simply places the risk on the party or parties with notice of the problems.

■ 3. Appellants further contend the district court erred in dismissing their claim under Minn.Stat. § 327A.02 (2002), the statutory warranty provision. Appellants argue that the district court erred in concluding that the property damage of which they complain does not constitute "major construction defects" under the statute. Appellants maintain that the water damage is significant and affects load-bearing structures in the home, thereby triggering the protection of the warranty statute and allowing their claim to survive summary judgment.

■ The statute defines the term "major construction defect":

"Major construction defect" means actual damage to the load-bearing portion of the dwelling or the home improvement, including damage due to subsidence, expansion or lateral movement of the soil, which affects the load-bearing function and which vitally affects or is imminently likely to vitally affect use of the dwelling or the home improvement for residential purposes. "Major construction

defect" does not include damage due to movement of the soil caused by flood, earthquake or other natural disaster.

Minn.Stat. § 327A.01 subd. 5 (2002). The statutory warranty attaches to the construction as completed; the warranty does not extend to defects of a significant nature by outside forces arising after completion of construction.

Appellants point to damage to the walls, ceiling, and floor trusses as evidence of major construction defects. They claim that at least some of this damage "affects the load-bearing function" of the home. The damage appellants point to as major construction defects are not problems with the finished construction itself, but instead are damages to the home that occurred after the construction was completed. The major defects were not construction defects; rather, the defects may have become major only after the water penetration damaged the original construction. Upon completion of construction, and as respondents surrendered the home to the Rovicks, the home did not have major construction defects as Minn.Stat. §§ 327A.01 and .02 contemplates. Accordingly, no viable claim arises under Minn. Stat. § 327A.01. As such, we need not address the issue of when notice of any such breach occurred for purposes of the statute of limitations under Minn.Stat. § 541.051. The district court's dismissal of the statutory warranty claim was proper.

## DECISION

The district court properly granted respondents' motions for summary judgment.

Affirmed.