GILDEA, Chief Justice
(concurring in part and dissenting in part).
Even though the State did not assert the statute of limitations in Minn.Stat. § 590.01, subd. 4(a), (c) (2014), the majority concludes that the postconviction court has the discretion to raise that defense for the State. I disagree. I would follow our longstanding rule and-hold that the State’s failure to assert the affirmative defense prevents the defense’s consideration. E.g., Rehberger v. Project Plumbing Co., 295 Minn. 577, 578, 205 N.W.2d 126, 127 (1973) *561 (noting that the failure to plead an affirmative defense, such as the statute of limitations, constitutes a waiver of that defense).[1] ■
The majority reaches the opposite conclusion based on Supreme Court habeas cases. In my view, those cases should not drive the result here. The rule in those cases was based in part on considerations of comity between federal and state sovereigns, See, e.g., Wood v. Milyard, — U.S. -, 132 S.Ct. 1826, 1833, 182 L.Ed.2d 733 (2012). No such considerations are in play here. Moreover, we have already rejected the rule in Wood. In that case, the Supreme Court held that an appellate court could raise the statute of limitations defense for the first time on appeal. Id. at -, 132 S.Ct. at 1834. That is not the rule in Minnesota. See Carlton v. State, 816 N.W.2d 690, 606 (2012) (holding that the State’s failure to assert the statute of limitations in the postconviction statute, Minn.Stat. § 590.01, subd. 4(c), precluded the appellate court’s consideration of that defense). I would extend our analysis in Carlton and hold that, in the absence of a motion for leave to amend, the State’s failure to assert the statute of limitations in the' postconviction court precludes that court’s consideration of the defense. Accordingly, I would' remand the matter back to the postconviction court for consideration of the merits of the petition.

. This general rule is subject to a motion to amend the relevant pleading, but the State made no such motion in this case. See id. (‘‘A failure to plead an affirmative defense, without later amendment of the pleading, waives the defense.”).